UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARMONDO SHELBY,

                    Petitioner,

        v.

KENNETH QUINN,

                    Respondent.

CASE NO. C07-5466BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION
IN PART, DENYING
PETITION FOR WRIT OF
HABEAS CORPUS AND
GRANTING CERTIFICATE
OF APPEALABILITY

This matter comes before the Court on the Report and Recommendation of the Honorable J. Kelley Arnold, Chief United States Magistrate Judge (Dkt. 19). The Court has considered the Report and Recommendation, Respondent's objections (Dkt. 20), Petitioner's objections (Dkt. 21), Petitioner's response to Respondent's objections (Dkt. 22), Respondent's reply (Dkt. 23), and Respondent's response to Petitioner's objections (Dkt. 24), and hereby adopts the Report and Recommendation in part, denies the petition for writ of habeas corpus, and grants a certificate of appealability for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In a thorough and well-reasoned Report and Recommendation, the Honorable J. Kelley Arnold, Chief United States Magistrate Judge, recommends that Petitioner Armondo Shelby's petition for habeas corpus be granted as to Petitioner's first ground for

relief, denial of the Sixth Amendment right to counsel, because the decision of the Washington State Court of Appeals was based on an unreasonable determination of the facts in light of the evidence presented. Dkt. 19 at 13-15.

Petitioner objects to the portion of the Report and Recommendation concluding that no evidentiary hearing is warranted. Dkt. 21. Respondent also objects to the Report and Recommendation on the grounds that, pursuant to *Mickens v. Taylor*, 533 U.S. 162 (2002), the conflict of interest rule does not extend beyond joint representation of defendants involved in the same matter and that the Report and Recommendation does not afford proper deference to the state court conclusion that the conflict of Mr. Shelby's attorney who withdrew prior to trial did not adversely affect representation at trial. *Id.*

## II. DISCUSSION

Section 2254 proscribes circumstances in which a petition for a writ of habeas corpus may be granted:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Findings of fact by the state court are presumed correct, and rebutting the presumption requires clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the "contrary to" clause, courts should grant a writ of habeas corpus if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or reached a different result from a Supreme Court case decided on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause, courts may grant a writ of habeas corpus if

the state court identified the correct legal principle from the Supreme Court's decisions

but unreasonably applies that principle to the petitioner's case. *Id*. at 365.

## A.     EVIDENTIARY HEARING AND RIGHT TO TESTIFY

The circumstances under which a habeas petitioner is entitled to an evidentiary

hearing are prescribed by statute as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The Report and Recommendation concludes that no evidentiary hearing is

warranted in this matter because Petitioner was permitted to testify at a reference hearing

in state court, Petitioner's claims rely on established rules of constitutional law, Petitioner

fails to set forth a factual basis for his claims that could not have been previously

discovered through due diligence, and the facts underlying Petitioner's claims are

insufficient to establish that no rational fact finder would have found him guilty of the

underlying crime. Dkt. 19 at 9.

Petitioner objects to this conclusion, contending that the reference hearing did not

afford him the opportunity to develop the factual basis for his claim that he was denied

the right to testify at trial. Dkt. 21 at 2. The Court disagrees. The reference hearing in

state court afforded Petitioner a full and fair opportunity to develop the factual basis for

his claim that he was not permitted to testify in his own defense. *See*, *e.g.*, Dkt. 17, Exh.

24 at 24, 51-52, 81, 96-97; Exh. 25 at 172, 183, 185; Exh. 26 at 221-222, 243. The Court

1　therefore adopts portions of the Report and Recommendation concluding that Petitioner is

2　not entitled to an evidentiary hearing.

3　**B.　SIXTH AMENDMENT RIGHT TO CONFLICT-FREE COUNSEL**

4　　　　The Sixth Amendment to the United States Constitution guarantees criminal

5　defendants the right to effective legal counsel. U.S. Const. amend. VI; *Strickland v.*

6　*Washington*, 466 U.S. 668, 686 (1984). Defective assistance that has no probable effect

7　upon the trial's outcome does not amount to a constitutional defect. *Mickens v. Taylor*,

8　535 U.S. 162, 166 (2002). Therefore, defendants alleging Sixth Amendment violations

9　must generally demonstrate "a reasonable probability that, but for counsel's

10　unprofessional errors, the result of the proceeding would have been different." *Id.*;

11　*Strickland*, 466 U.S. at  694. If a defendant has been denied assistance of counsel entirely

12　or during a critical stage of the proceeding or if counsel actively represented conflicting

13　interests, no such showing is required. *Mickens*, 535 U.S. at 166. In other words,

14　prejudice will be presumed if the conflict has significantly affected counsel's

15　performance, rendering the verdict unreliable, even though *Strickland* prejudice cannot be

16　shown. *Id.* at 173. To demonstrate an effect on representation, "the defendant need only

17　show that some effect on counsel's handling of particular aspects of the trial was

18　'likely.'" *U.S. v. Miskinis*, 966 F.2d 1263, 1268 (9th Cir. 1992).

19　　　　This Court's inquiry therefore centers on whether the Washington State Court of

20　Appeals' determination that Petitioner's trial counsel's active representation of

21　conflicting interests did not affect the performance of Petitioner's counsel was contrary

22　to, or involved an unreasonable application of, clearly established Supreme Court

23　jurisprudence.

24　　　　First, the Court does not reach Respondent's contention that Ms. Pierson was not

25　actively representing conflicting interests. The Court of Appeals concluded that Ms.

26　Pierson's representation of Mr. Singleton did create a conflict of interest, and Petitioner

27　does not dispute this conclusion. Rather, Petitioner contends only that the Court of

28

Appeals erred in concluding that there was no effect on Ms. Pierson's representation of Petitioner. Therefore, while the Court is not convinced that Ms. Pierson's simultaneous representation of Mr. Singleton and Petitioner ever ripened into an actual conflict, the Court does not reach this issue.

Second, the Court of Appeals' conclusion that Ms. Pierson's conflict of interest did not affect her representation of Petitioner was reasonable. Petitioner contends that the Court of Appeals implicitly applied the *Strickland* standard and required evidence that the conflict would have affected the trial's outcome. The Court disagrees. Despite the language employed, the Court of Appeals did not require Petitioner to satisfy *Strickland* and reasonably determined that Ms. Pierson's conflict of interest did not affect her representation of Petitioner.

Specifically, Ms. Pierson found Mr. Singleton not to be credible and concluded that he did not have evidence to support Petitioner's claim of self defense. Dkt. 13, Exh. 2 at 25. Petitioner makes much of Ms. Pierson's concession that she did not personally interview Mr. Singleton because she did not want him to be confused as to her role. However, Petitioner's counsel did not personally interview most potential witnesses, instead relying on an investigator to conduct the interviews. Dkt. 13, Exh. 2 at 4. The Court of Appeals' conclusion that Ms. Pierson's failure to personally interview Mr. Singleton was not an effect of her conflict of interest is not unreasonable.

The Court of Appeals also noted that Petitioner failed, at the reference hearing, to present evidence that Mr. Singleton had evidence of the victim's propensity for violence and that there was otherwise no evidence linking Mr. Singleton's statements to the victim. *Id.* Petitioner fails to contest this finding, justify the failure to present such evidence, or dispute whether he had a full and fair opportunity to present this evidence at the reference hearing.

The standard governing this Court's review of the state court's decision bears repeating; the Court is not free to independently inquire and assess whether Ms. Pierson

actively represented conflicting interests and whether such representation significantly affected her performance. Rather, the Court is limited to reviewing the state court's determination and may grant relief only if that determination is contrary to, or involved an unreasonable application of, clearly established law; the state court's determination must be objectively unreasonable. *Holland v. Jackson*, 542 U.S. 649, 652 (2004). Petitioner has not met that standard. Therefore, the Court declines to adopt the portion of the Report and Recommendation addressing Petitioner's first ground for relief and adopts the remainder of the Report and Recommendation.

## C. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b), a petitioner may not appeal the final order in a habeas corpus proceeding in which the detention complained of arises out of a state court proceeding or in a proceeding under 28 U.S.C. § 2255 unless the district court or the Ninth Circuit issues a certificate of appealability identifying the particular issues that may be pursued on appeal. *United States v. Asrar,* 116 F.3d 1268, 1270 (9th Cir. 1997).

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. A petitioner must also demonstrate that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the denial is based on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In the event that Petitioner elects to appeal, the Court concludes that Petitioner has made a substantial showing of a denial of his Sixth Amendment right to conflict-free

counsel and that reasonable jurists could debate whether this claim should be resolved differently. Accordingly, the Court grants a certificate of appealability *sua sponte*.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the Court **ADOPTS in part** the Report and Recommendation of the Honorable J. Kelley Arnold, Chief United States Magistrate Judge (Dkt. 19), the petition for writ of habeas corpus (Dkt. 1) is **DENIED**, and the Court grants a certificate of appealability as provided herein.

DATED this 15th day of August, 2008.

BENJAMIN H. SETTLE
United States District Judge